UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RONALD L. LEGG, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-cv-1023 (TSC) |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **MEMORANDUM OPINION**

In this action filed *pro se*, Plaintiff has sued WMATA and Assistant General Counsel Emily Woodward Deutsch under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the Washington Metropolitan Area Transit Authority's ("WMATA") denial of his request for records pertaining to a third-party individual.

Before the court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted (ECF No. 8). Defendants contend that jurisdiction is lacking because WMATA is not subject to the federal FOIA. Defendants also contend that Plaintiff has failed to state a claim because he has neither perfected his request with WMATA nor exhausted his administrative remedies under its Public Access to Records Policy ("PARP"). For the reasons explained below, the court finds that it lacks subject matter jurisdiction over Plaintiff's claims. Consequently, this case will be dismissed without prejudice.

1

## I. LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, –– U.S. ––, 132 S. Ct. 641, 648 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). When a defendant files a motion to dismiss a complaint for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

## II. ANALYSIS

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Washington v. DOJ*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). FOIA confers jurisdiction in the district courts only "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the

complainant." 5 U.S.C. § 552(a)(4)(B); *see McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) ("[F]ederal jurisdiction is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records. Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.") (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotation marks omitted)).

FOIA defines an "agency" as any "establishment in the executive branch of the Government[.]" *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 224 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(f)(1)). That definition includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . ., or any independent regulatory agency[,]" 5 U.S.C. § 552(f)(1), all of which are further defined in §§ 101-105 of Title 5. In contrast, "Virginia, Maryland, and the District of Columbia [with Congress' authorization] created WMATA, by interstate compact, to plan, finance, develop, and operate a mass transit system to serve the Washington, D.C. metropolitan area." *KiSKA Const. Corp.-U.S.A. v. Washington Metro. Area Transit Auth.*, 167 F.3d 608, 609 (D.C. Cir. 1999). Although WMATA has a federal component because of Congress' oversight of matters pertaining to the District of Columbia, *see id.*, Plaintiff has not cited, and the court has not found, any authority that includes WMATA in FOIA's definition of an executive-branch agency. Therefore, Plaintiff's recourse lies, if at all, under the PARP.[1]

---

[1] Because Plaintiff has not exhausted his administrative remedies under WMATA's PARP and obtained a final decision, *see* Defs.' Mem. at 2-4 (ECF No. 8-1), it is unclear from this record (and WMATA's

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss this case under Rule 12(b)(1) is granted. A separate order accompanies this memorandum opinion.

Date: June 9, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

website) whether a dissatisfied requester may seek review of WMATA's decision and, if so, where. The dismissal of this case without prejudice has no preclusive effect on Plaintiff's ability to pursue any available remedies if he remains dissatisfied after completing the administrative process.

4